## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

**JOYCE WHITAKER,**
                **Plaintiff,**

**v.**                                              **Case No. 13-CV-938**

**WISCONSIN DEPARTMENT**
**OF HEALTH SERVICES,**
                **Defendant.**

_____

## DECISION AND ORDER

Plaintiff Joyce Whitaker alleges that her former employer, the Wisconsin Department of Health Services ("DHS"), intentionally discriminated against her based on her disability in violation of 29 U.S.C. § 701 *et seq.* ("The Rehabilitation Act"). Before me now is defendant's motion to dismiss based on claim preclusion.

## I. Background

Plaintiff was originally hired as a correctional officer in July 2001. In May 2005, she injured her back during a training exercise at work. The injury caused (and still causes) stiffness and pain in her lower back as well as sporadic radiating pain and tingling in her leg. As a result, plaintiff's physician recommended permanent work restrictions which limit her ability to lift heavy objects and to sit or stand for prolonged periods of time. Plaintiff was off work from May 2005 to February 2006 because of her injury. Upon her return, plaintiff applied for intermittent use of Family Medical and Leave Act ("FMLA") leave for her disability, and defendant approved that request. Defendant also agreed to accommodate her work restrictions and allowed plaintiff to work in a new position.

In August 2010, plaintiff fell down the stairs and exacerbated her back injury. She

initially requested continuous FMLA leave until September 9, 2010, which defendant approved. She then requested that her continuous leave be extended until October 18, which defendant also approved. However, defendant advised her that as of October 19, she had exhausted all of her 2010 FMLA leave entitlement and that if she needed more leave, she would need to request a contractual leave of absence without pay, which could not exceed 30 days. On October 18, plaintiff requested leave without pay until December 28. Defendant only approved the leave without pay until November 5, pursuant to plaintiff's employment contract. When plaintiff failed to appear at work on November 8, defendant notified her that it intended to terminate her employment and set up a meeting to discuss the matter. Plaintiff and her union representative attended that meeting, at which plaintiff explained she could not yet return to work because of her disability. On November 30, 2010, defendant terminated plaintiff for medical reasons.

Plaintiff filed an EEOC complaint alleging disability discrimination and, in July 2012, received a Notice of Right to Sue letter. In October 2012, plaintiff brought a *pro se* suit in federal court against DHS and Milwaukee County seeking monetary damages under the Americans with Disability Act ("ADA") ("*Whitaker I*"). In that suit, plaintiff did not plead a Rehabilitation Act claim. DHS moved to dismiss based on Eleventh Amendment immunity to which motion plaintiff failed to respond. Plaintiff asked for an extension of time to respond, but Judge J.P. Stadtmueller denied her request and granted DHS's motion. In March 2013, plaintiff retained counsel and filed an amended complaint which did not include a Rehabilitation Act claim or seek to rejoin DHS. In November 2013, however, plaintiff moved to file a second amended complaint, adding a Rehabilitation Act claim and rejoining DHS as a defendant. Judge Stadtmueller denied plaintiff's motion on the ground

that it was filed too late. In the same order, he granted Milwaukee County's motion for summary judgment. Meanwhile, in August 2013, plaintiff brought a separate suit in federal court alleging a Rehabilitation Act claim against DHS, the suit that is before me now.

## II. Discussion

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss on the ground that plaintiff's Rehabilitation Act claim against DHS is precluded because Judge Stadtmueller previously dismissed her ADA claim. Claim preclusion is an affirmative defense, and defendant should have raised it in an answer and then moved for judgment on the pleadings pursuant to Fed. R. Civ. P. (12)(c). *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). But this error is of no consequence, *id.,* because I may take judicial notice of matters in the public record, including documents filed in previous cases, without converting the motion to dismiss into a summary judgment motion. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). Thus, I turn to defendant's motion.

Claim preclusion prevents parties from relitigating a claim when a final judgment on the merits of a claim arising out of the same facts has already been rendered. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011). To establish claim preclusion, defendant must show that: (1) the parties in the present suit are identical to those in the previous suit; (2) the cause of action in the present case is identical to that in the previous suit; and (3) a final judgment on the merits was rendered in the first action. *Palka*, 662 F.3d at 437.[1] The parties in the present

---

[1]A judgment that is not on the merits may also be preclusive, but only to the extent that it bars relitigation of the issues previously decided. *Okoro v. Bohman*, 164

case are identical to those in the previous action, and it is of no consequence that the previous case included an additional party, Milwaukee County. *Id.* Additionally, plaintiff's Rehabilitation Act suit and her previous ADA suit involve the same cause of action because they are both premised on the same set of operative facts, those leading up to plaintiff's termination. *Id.*; *see also Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011) (stating that whether the same cause of action exists depends on whether the claims arise out of the same set of operative facts or the same transaction). As to the third element of claim preclusion, Judge Stadtmueller's dismissal of plaintiff's claims against DHS in *Whitaker I* was a final judgment because it resulted in DHS's dismissal from the case. "[A] judgment will ordinarily be considered final . . . if it  . . . represents the completion of all steps in the adjudication of the claim."    Restatement (Second) of Judgments § 13 & cmt. b (1982). Thus, the only remaining question is whether Judge Stadtmueller's decision, which was based on Eleventh Amendment immunity, was a decision "on the merits."

The fact that Judge Stadtmueller stated that the dismissal was "with prejudice" is not dispositive because I must independently determine the preclusive effect of a previous decision. *See Murray v. Conesco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) (independently characterizing the district court's dismissal as "not on the merits" despite the district court's characterization of its decision as "with prejudice"); 18 James Wm. Moore, *Moore's Federal Practice* § 131.30[3][a] (3d ed. 2014). Nor is it dispositive that the defendant brought its motion in *Whitaker I* under Rule 12(b)(6).  This is so because Judge Stadtmueller did not

F.3d 1059, 1062 (7th Cir. 1999); *see also Bunker Ramo Corp. v. United Bus. Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983).

grant the motion based on the plaintiff's failure to state a claim upon which relief can be granted (which would have been a dismissal on the merits. *Moitie*, 452 U.S. at 399 n.3), but rather based on Eleventh Amendment immunity.

Generally, a judgment is on the merits "if it is rendered upon consideration of the legal claim, as distinguished from consideration of an objection to subject-matter jurisdiction, personal jurisdiction, service of process, venue, or any other ground that does not go to the legal or factual sufficiency of the claim to relief." 18 Moore, *supra* § 131.30[3][a]. A judgment on the merits is one that "completely disposes of the underlying cause of action . . . or determines that the plaintiff has no cause of action." *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). It is a judgment based on legal rights and not "mere matters of practice, procedure, jurisdiction, or form." 18 Moore, *supra* § 131.30[3][a] (internal quotations and citation omitted).

Thus, whether a dismissal based on Eleventh Amendment immunity is on the merits depends on whether Eleventh Amendment immunity is a quasi-procedural ground such as the absence of subject matter jurisdiction, personal jurisdiction or venue or whether it represents a failure of plaintiff's legal claim.[2]  Neither the Seventh Circuit nor other federal circuits have addressed this issue in the context of federal claim preclusion.  *See, e.g.*, *Lewis v. Suthers*, No. 10-C-6522, 2011 WL 2415166, at *3 (N.D. Ill. June 10, 2011) ("[I]t is not clear that a federal court's dismissal of a lawsuit on Eleventh Amendment grounds constitutes a final judgment on the merits.").

_____

[2]The parties focus excessively on whether Eleventh Amendment immunity is a matter of subject matter jurisdiction, an issue that the Supreme Court has not resolved, *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 391-92 (1998), and which is not directly dispositive of the question at hand.

The Seventh Circuit treats Eleventh Amendment immunity as an affirmative defense, *Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000), and a dismissal based on such immunity functions much like a dismissal based on the affirmative defenses of lack of personal jurisdiction or venue. Like both personal jurisdiction and venue Eleventh Amendment immunity is waivable. *Schacht*, 524 U.S. at 394. Also, like personal jurisdiction and venue judges are not required to raise Eleventh Amendment immunity *sua sponte*. *Id.; e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 599 (7th Cir. 2007). But most importantly, like personal jurisdiction and venue, a dismissal based on Eleventh Amendment immunity does not "go to the legal or factual sufficiency of the claim to relief." *See* 18 Moore, *supra* § 131.30[3][a]. It is not a judgment based on plaintiff's substantive legal rights. I, therefore, conclude that Judge Stadtmueller's dismissal of plaintiff's ADA claim based on Eleventh Amendment immunity was not a dismissal on the merits. Thus, plaintiff's present suit is not barred by claim preclusion.

Further, plaintiff is not attempting to relitigate any issue that was decided in *Whitaker I*. The only issue that Judge Stadtmueller decided was whether plaintiff's ADA claim was barred by Eleventh Amendment immunity. In the present case plaintiff asserts a Rehabilitation Act claim, and I must analyze Eleventh Amendment immunity separately with respect to each of plaintiff's claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Further, the Eleventh Amendment immunity analysis is different under the ADA and the Rehabilitation Act possibly leading to a different result under each statute. *See Amundson ex rel. Amundson v. Wis. Dep't of Health Servs.*, 721 F.3d 871, 872 (7th Cir. 2013). Finally, Judge Stadtmueller's grant of summary judgment to Milwaukee County in

*Whitaker I* does not bar the present suit because when Judge Stadtmueller entered judgment, DHS was no longer a party to the case. *See* Restatement (Second) of Judgments § 34 cmt. b (1982) ("[H]e is not bound be determinations made before he became a party or after he ceased to be one."); 18 Moore, *supra* § 131.40[2][c] ("[T]he only parties bound by claim preclusion are the parties to the *judgment*.").

### III. Conclusion

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (ECF No. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge